Good morning, Your Honors. May it please the Court, Megan Hopkins for Appellate Frank Sennert. I will be attempting to reserve two minutes for rebuttal. All right, watch the clock. 36 CFR 2.1488 requires proof beyond a reasonable doubt at a minimum that the defendant knew they were engaged in a regulated activity. Could I start with I've been struggling with this case in your argument and one of the things I'm finding difficult is what happened at each level of the first the trial before the magistrate judge and the district court. So before the magistrate judge there was no argument about an intent requirement. Isn't that right? That was just simply not raised at trial. Well, Your Honor, I think we did raise it. We sought a Rule 29 acquittal. Okay, so you said there was insufficiency of the evidence and then before the district court on the district court appeal you raised this sufficiency issue. You said there was insufficient information about or evidence to establish his intent. Am I right on that? Not only was there insufficient evidence to establish But am I right that that's what you argued to the district court? That's one of the issues we argued to the district court. What was the other one? Well, beyond the fact that there was insufficient evidence we also argued that the trial court found, made findings that were contrary to the verdict. So the trial court found. Okay, in the sentencing part of the hearing, in the sentencing. Well, not only in the sentencing part, Your Honor, which I think is notable, but also earlier at the time of the trial after the parties had submitted all of their evidence, the trial court found that Mr. Sennert's belief that his tank was empty and the basis for that belief was credible and very logical. And I think that really is the linchpin here. Okay, let me just, before you go on to your argument, just one more step, which is now, before us, you're saying there was some sort of legal error about the district court's lack of making a specific finding on intent. Am I, am I understanding that correctly? Yes, there is a legal error as to both counts. Okay, so the government says that the magistrate's judge failure to make specific findings is not an error unless there was a request for those findings under Federal rule of criminal   procedure 23C. So is this issue of findings, even before us, it wasn't raised to the district court? And are we really just looking at your sufficiency argument that you made to the district court? So I'm just trying to understand exactly what, what claims are before us and what may have been waived. I understand, Your Honor. The, the government argues that there was a general finding of guilt. And rule 23 does state that a court must submit a claim  either orally or in writing upon request of a party. Here, there wasn't a request by the party. However, the magistrate judge, the trial judge in this case, issued those findings in a written memorandum. I made some findings and didn't make others, but I didn't see a case saying that it was a legal error not to make every finding. Well, Your Honor. So, so that's, I'm, I'm trying to understand what is the legal error and what was raised to the district court? Like sufficiency of the evidence, I understand. The legal error here, Your Honor, is that the trial court found, this is a finder fact in this case, found that Mr. Sennert did not know he had sewage on board and then found in the same Where, where, where is that finding? That's at Excerpt of Record 214. No, it's in the sentencing. No, Your Honor, that was at the time of trial. The court, after it accepted all of the evidence, but prior to the closing arguments, made a series of oral findings. And one of those oral findings was that Mr. Sennert credibly and logically believed that his tank was empty and his basis for that belief. Okay. So let me go on here. The magistrate judge also found that your client violated Section 2.34a4, correct? Yes, that's correct, Your Honor. Which requires negligence, requires a mens rea, negligence, recklessness, something like that. Recklessness, Your Honor.  So let's assume that the magistrate judge thought your client was negligent or reckless, that he, he believed he didn't have sewage on board, but he did and he opened up the tank and dumped it. Why doesn't that end the issue? Well, Your Honor, I think that's a difficult thing to assume. I think it's very conflated by the fact that the tragedy in which Well, we have to assume there was sufficient evidence to support the 2.34a4 conviction. I mean, there is. There's plenty of evidence in this record to support it. Your client's defense at trial was it wasn't me, it was some other guy. The judge says, no, no, it was you. You may not have believed that you had sewage in your tank, but you opened it up, you opened up the tank to empty whatever was in there, and that violates 2.34a4. And therefore, you had the requisite mens rea. Why do we have to worry about whether there's a mens rea requirement for 2.14a8? Well, Your Honor, first of all, I don't think the Court made a finding that he opened up his tank. The Court made a finding that he didn't know he had sewage on board, but that the sewage must have emanated from that RV based on the fact that it was flowing at the time the witnesses saw it. But the Court must have made a finding that your client acted at least negligently, because the Court convicted your client of 2.34a2a4, which requires that mens rea. Well, that's our argument, Your Honor, is that the Court Your argument is what – so I'm going back to Judge Acuda's point. Your argument must be that the Court couldn't have convicted your client without explicitly stating that your client was – had the least amount of mens rea required to violate 2.34a4, right? Well, I think that the Court That's your argument, isn't it? I think that's part of my argument. But the basis of the argument is that if the Court made a finding and the Court did make a finding that he didn't know he had sewage on board and that he was stopping for the reason he asserted during his trial testimony, the Court then could not find that he consciously disregarded a risk of creating a physically offensive condition. Can I just ask, when you're saying that the Court made findings of magistrate judge, you're actually speaking about certain things he said during the hearing, because they're not in his opinion, right? The opinion indicates that the Court has no reasonable doubt that defendant caused or allowed the subject discharge of human waste in Yosemite National Park. So in the written opinion, he makes – he's pretty clear that he finds that your client is guilty under those two regulations. And so you're talking about things he said in the course of the trial. Am I understanding that correctly? I'm actually talking about the combination of all the comments he made. So his oral findings at trial, but also his commentary within the written memorandum that conflicts with his finding and his commentary at sentencing. Within the written memorandum, which is an excerpt of Record 56, he says the witnesses, rightly or wrongly, believed that Sennert had emptied his trailer's toilet waste onto the pavement. And he's writing that in his memorandum of opinion. He's still questioning whether or not the witness's perception of what happened is what happened. He's not sure what happened here. In fact, at sentencing – But aren't his findings framed by the defense as it was presented? And here's how it's presented. There are two reasonable conclusions. This is defense counsel. That Mr. Sennert was in the wrong place at the wrong time, or that Mr. Sennert dumped the sewage. That was the issue at trial. It wasn't what was he thinking. It was, this is a whodunit. You got the wrong guy. All of the findings are based on that defense. When he does keep referring to Mr. Sennert being the one who dumped, and yes, he doesn't go into the detail, and he intended to do so, but he was never being asked to make that finding. Well, Your Honor, I think that his findings are based on the totality of the record at trial. And although defense asserted the defense that it was a misidentification here, Mr. – I apologize. The trial court did find, and I realize I'm low on time. I'd like to finish answering your question, though, while still reserving some time for rebuttal. But what the trial court found, based on all of the evidence that was presented, was that he credibly and logically found that Mr. Sennert didn't know he had sewage on board. He didn't know he was engaged in a regulated activity here. And so in applying the strict liability standard, he misconstrued a prerequisite element. You say he applied the strict liability standard, but he convicted your client of an offense against mens rea. Yes, Your Honor. So I just want to understand, going back to what Judge Ikuto was asking at the beginning, are you arguing that the evidence was insufficient to convict your client of these offenses, or are you just arguing that the judge made inconsistent findings? My argument is twofold. One, that the evidence is insufficient. The only evidence that would go to intent is the evidence of flight, and that under Blanco. Why isn't that sufficient? Well, under Blanco, Blanco states clearly that not only to establish flight do you need a chain of unbroken inferences, which we don't have here, but also even if you do establish there was flight, that alone is not sufficient to support a finding of flight. Well, there was other evidence, too. He testified that you couldn't let the sewage go out without going through all of these steps. And so if, in fact, the sewage came out from the truck, which is what the judge found, he would have had to go through all these steps to release the sewage. I don't see why that wouldn't be sufficient to show intent. Well, he testified on direct examination that that's the process, the ordinary course of disposal of waste from this truck. But he also testified on cross-examination that there is a tank underneath and that there is a valve that can be released. No one would release it in that way. Well, but the question is whether there's some evidence from which a reasonable finder of fact could find that your client did this with some intent, and surely there's sufficient evidence in this record, particularly since your client's defense was it wasn't me. It must have been somebody else, because it can only come out of them. What he said was it can only come out if you take all these steps, and I didn't take any of these steps. And so it must have been somebody else's RV. And the judge found, as a matter of fact, no, no, it was yours. He did find, beyond a reasonable doubt, that the sewage emanated from the RV. But in that same breath, he found that Mr. Sennert was not, didn't know he was engaging in this regulated activity of dealing with human waste. And that undermines the verdict of guilty in its entirety. It's a prerequisite element of even strict liability offenses that we find that the defendant knew they were engaged in the regulated activity. And so the trial court engaged in error under any standard in finding him guilty. We took you over your time, but we'll give you a minute for rebuttal. Thank you very much, Your Honor. Good morning. Your Honor, it's Ross Pearson for the United States. The issue in this case was that the judge struggled with was motive and not the defendant's intent. And the best evidence that this judge found that the defendant intentionally discharged the sewage was from his written opinion. The judge stated on three separate occasions in the written opinion, ER-59, defendant Sennert discharged waste from his RV. At ER-60, the Court had no reasonable doubt that defendant caused or allowed the subject discharge of human waste. And then again at ER-61, that defendant was indeed the one who created the condition. Now, Sennert highlights these two stray remarks that the judge made at sentencing, that this might have been accidental or not intended. But in the greater context, the judge there was struggling with the motive of why Sennert would have done this. What's the effect of statements made during sentencing? So the guilt phase is over and the magistrate judge made his determinations and then went on to sentencing and then made statements that were arguably inconsistent. What's the effect of statements made during sentencing? Your Honor, I believe the defendant's position is that these should undermine the verdict because they show that the judge applied the wrong standard. It's our position that these are harmless errors, that they're simply stray remarks because they relate to the motive and not whether the defendant actually intentionally committed this offense. So you don't have any case law that helps us understand whether statements at sentencing have an effect on the guilt phase of a trial? No, Your Honor. Okay. And the judge even at sentencing remained convinced beyond a reasonable doubt that the defendant was the one who committed this offense. And he stated that over and over. Now, this panel has touched on an important issue, which is that there was no argument, there was no evidence that the defendant might have done this accidentally. The arguments presented at the trial were that either the defendant did this, he pulled over to the side of the road and dumped his septic tank intentionally and then sped off, or that this was just a misidentification, that the witnesses and that the rangers sped up and caught him and simply pointed to the wrong person. Let me ask you the question Judge Akuta asked before. There was no request for findings under the criminal rule, but the judge did issue a written order. If a judge does that, even absent request, must the judge cover all the elements of the offense in the order? Your Honor, I believe that the judge did cover the elements in this case. And the judge listed the specific findings that related to the elements of recklessness. It correctly stated the same. Well, under 2.34a.4. Right. The judge didn't make any specific findings with respect to mens rea under, I hate these numbers, 2.14a.8, did he? No, Your Honor, he didn't. And that's one of the issues here is that the judge wasn't on notice that this was an intent requirement or whether this was a strict liability offense. So sitting here today, is the issue before us whether there is sufficient evidence, sufficiency of the evidence, like a Rule 29 that taking the evidence in the light most favorable to the prosecution? Or are we sitting here on there was a legal error because the magistrate judge failed to make specific findings? And if the latter, was that raised to the district judge? The issue of the specific findings was not raised. I believe that this judge is reviewing for sufficiency of the, I'm sorry, this court is reviewing for sufficiency of the evidence here. And that was the defendant's argument at trial. It was the argument to the district court. It's the same argument here. And the reason that argument fails is because the court found at the very least that Sennert committed this offense recklessly for 2.34. And indeed, I believe that the court was implicitly accepting the government's argument that Sennert knowingly committed this offense when he pulled over and dumped his septic tank and then drove off. If he had accepted Sennert's argument, Sennert's position was that this simply didn't happen, that if he had been the one who dumped this tank, there would have been sewage splattered on the side or sewage in his wheels. And so, yes, ma'am. Do you accept, then, opposing counsel's argument that 2.14 is at least a general intent offense? No, Your Honor. If the court decides to reach that issue, it's still our position that this is simply an offense that doesn't have a mens rea. And that's because it falls closer to cases where this Court's found no mens rea than ones where it has. So the ones that have mens rea are resisting arrest, allowing livestock to enter on the land, or permitting a fire to spread. And in each of those cases, there's a condition the defendant has to be aware of. So for resisting arrest, the defendant has to first know he's being arrested before he can fight back. For permitting a fire to spread, the defendant has to know that there's a fire that's starting to get beyond his control and then consciously decide not to do anything to stop it. In this case, on the other hand, disposal is simply an action. It's just there's no condition the defendant has to be aware of. So if it's a strict liability offense in your view, that if the valve came off accidentally while he was driving of his blackwater tank, that would be sufficient to convict him under 2.14, is that the government's position? Yes, Your Honor. And what case supports your position? Your Honor, it would be comparing it to Sears, Kent, or Wilson, all of which are at least offenses that don't require a mens rea here. But there is no case that interprets this particular provision? No, Your Honor. And it would be a step beyond Sears or Kent in that the accidental conduct or that the lack of an act intentionally done could violate that statute. But it's still consistent with the intent of Congress when it passed this, when it omitted the mens rea, and when it used language that deals solely in action, not in terms of this mental component or volition. But, again, our position is that the Court doesn't even need to go that far, that the magistrate judge, when it said that defendant Sennert discharged waste from his RV in his written opinion, or that defendant was indeed the one who created this condition, was finding, was accepting the government's argument and finding that Sennert intentionally caused this sewage to spill. So in the context of the trial where the argument was that it wasn't me, it was an alibi, it was somebody else did it, his saying that he did it meant that it was intentional, is that your position? Yes, Your Honor. Okay. And the comments made at sentencing, I think, need to be read in context. And the context is that the judge wasn't sure why Sennert would have done this. They shouldn't, these two stray remarks, offhand comments, shouldn't undermine the judge's verdict, which it expressed over and over, beyond a reasonable doubt, that Sennert was the one who committed this offense. Your colleague says that the judge also made what she calls a finding at trial. I'm trying to search through the record to find it, but did it occur when the judge said, I'm going to give you some preliminary thoughts and then you can focus your arguments, was that the point where he said, well, he seemed pretty credible in saying that he didn't intend to do anything? Your Honor, I'm not sure if it was his preliminary thoughts or his thoughts after, after they came back from the break and he issued his final ruling. I did look. I'm having difficulty finding a finding. So what the judge said was that there was some evidence of innocence and that the defendant's explanation as to why he believed his septic tank was empty seemed credible. And in that same, in the very next paragraph, the judge said that he was struggling with the defendant's motive, a pretty consistent theme here. The judge also said that in his written opinion at ER-60 that he had questions as to Sennert's credibility. And so while Sennert's explanation might have sounded credibility, this is far from a finding that Sennert was actually credible and that when he stated that he didn't know that the septic tank was empty, that that was actually what was in his head. The factors the Court highlighted at ER-60 show that it considered that Sennert it considered Sennert's explanation, but simply rejected it, that it found the two witnesses more credible. It found the fact that the witnesses saw the sewage flowing from underneath the RV to be especially important. Yeah. I'm looking at the judge before in his oral. He said, I can think of no reasonable explanation, and I've heard no evidence that would provide any reasonable explanation that any reasonable person could accept that would explain how this fecal matter, including what has been so eloquently referred to as fecal logs, could be flowing down the road unless it was being released at the time it was flowing. So the judge makes a specific finding that in it orally that it was being released. I don't find a finding that, you know, it has to be released. There has to be some intent in releasing it, doesn't there? Right. And there was no specific finding on intent. Our argument is that it can be implied from the position the government took, from the position that the Senate took, and the findings that the Court did make. This panel doesn't have any more questions, does it? Apparently not. Thank you, Your Honors. Okay. We'll give you a minute for rebuttal. Thank you, Your Honors. With regarding to the finding as to Mr. Senator's lack of knowledge that it was carrying sewage, that's in Excerpt to Record 214. And what the judge specifically says is the defendant's explanation of why he stopped, his certainty that the tank was empty, why he was certain, his safety concerns, his concerns about the warranty protection, all seem quite credible and very logical. This is a finding that the Court made after submission of all of the evidence in the case. And any finding we later made But isn't that where the judge said, look, I'm going to go back to 209. I'm going to give you some preliminary thoughts. And he gave those thoughts. And then he says at the end of that long colloquy, none of these are findings yet. I haven't made a final decision. I want to give you these preliminary thoughts so you can shape your arguments around them. So I'm having difficulty viewing that as a finding of fact by the judge. Well, Your Honor, he makes the statement that these are credible and logical. And nothing he says subsequent to that, none of his subsequent findings unwind that statement. But how can this be a finding when the judge prefaces all of it by saying, I'm going to give you some preliminary thoughts, and at the very end of it says, now, I haven't made any final decisions, but these are the preliminary thoughts I want you to focus on in your arguments. How can that be a finding? Well, Your Honor, I think it's semantics whether or not the judge is referring to his findings as thoughts or findings themselves. And when he says I haven't made a final decision, he's indicating that he hasn't yet rendered a verdict. But those are still findings nonetheless, and they inform us. And he's not just saying to you, I'm going to give you some preliminary thoughts.  And he's adding them to, he says, to the extent you can enlighten me on any of those points, to the extent you can add anything else that I should consider that I didn't, you'll help me make what I hope will be the right decision in this case. So he's actually soliciting additional information and argument from the attorneys. He is. Paragraph before, he says, I have not reached an irrevocable conclusion one way or the other as to whether guilt has been proved beyond a reasonable doubt. That's what I'm balancing. So how can we characterize? In other words, do we penalize a judge for saying, here's what I think, but I'm not sure I'm right, which is what it basically said. So now, in your arguments, try to convince me one way or the other. How does that become a finding? Well, the judge makes a series of findings but indicates that he has not yet decided how those findings apply to the construction of the regulation. He's giving us an opportunity to apply those findings to that construction, which is what we did. We attempted to explain to the judge that even in light of those findings, it didn't sufficiently satisfy the client's case. But you never said to that judge at any point, by the way, Judge, one critical issue is whether or not you can find, assuming that our defense that our guy didn't do it fails, you need to find that he intended to do it. No, but that's why I believe we would prevail here even under a clear error standard. It is clear error for the Court to fly in the face of all of American jurisprudence by dispensing of a prerequisite element that the defendant knew they were engaged in the regulated activity. What the government is advocating for here is a form of strict liability we have never applied. And all of the Supreme Court precedent and the precedent it cites here from the Ninth Circuit, even those cases it discusses, like Wilson and Sears, those cases don't dispense with the requirement the defendant knows they're engaging in the activity. The Court didn't even have to reach that issue because by virtue of cutting timber, you know you're cutting timber. By virtue of camping, you know you're camping. But those cases that did reach that issue in the Supreme Court, like International Minerals and Chemical Corporation or Staples, specifically state that at the minimum, even under a strict liability construction, you have to know you're engaging in the activity. And with that, I would just say that under any standard of review here, we would not prevail because the Court completely negated a prerequisite element. And under any standard, that's a clear error. And certainly it's not harmless. Thank you. Thank you. The case of the United States v. Senate is submitted.
judges: Ikuta, Hurwitz, McShane